## WILLIAMS *VS.* MILLER ET AL.

### APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Where the buyer is deceived by the representations of the seller, in the quality of the article sold, and the defects are not such as might be discovered on simple inspection, but if known, it must be supposed the buyer would not have purchased, it is sufficient cause to rescind the sale and recover back the price.

This is an action on a contract to deliver a quantity of cypress timber, at the saw-mill of the defendants, on certain stipulations and conditions. The plaintiff alleges he delivered fifty trees, containing two hundred and sixty-five cypress logs of ten feet each, and was proceeding to deliver the remainder of one hundred trees, when he was forbidden by the defendants. That the logs delivered, amounted to four hundred and thirty dollars, according to his agreement, of which the defendant paid him one hundred dollars. He prays judgment for the balance.

The defendants admitted an agreement with the plaintiff to deliver the same logs mentioned, at a stipulated price, and

17

that the plaintiff warranted them to be sound and merchantable; that after receiving a few logs and commenced sawing them, it was discovered they were so unsound and in such a state of decay, as to be entirely unfit for use; that they had paid one hundred dollars on account of said contract, and sustained damages to the amount of three hundred dollars by reason of the deception and fraud practised upon them, in all four hundred dollars, for which they pray judgment in reconvention.

The facts and the evidence of the case, are stated in the following extract from the opinion of the district judge who tried the cause in the first instance.

"The plaintiff sold the defendants, owners of a saw-mill, a raft of timber; a special contract as to price is proved, viz. it was to be one dollar and seventy-five cents per log, if not more than one-third of the timber was pecky, and if more than one-third was pecky, the price was to be one dollar and sixty-two and a half cents per log. The contract was made by one Green, an agent of defendants, employed for that express purpose.

Green stated that he did not examine the timber; an examination would require him to plunge his arm in the water, and his arm was broken out in sores; he testifies that plaintiff represented the raft as first rate timber.

The timber was carried down to defendant's mill, and there made fast, and plaintiff received one hundred dollars on his contract. Four logs were sawed up the next day, and found so pecky, as in the language of witness, to be like honey comb, useless as mill timber. Plaintiff was notified to remove it, which he did not do; the raft was suffered to break loose, and was carried away by a storm.

I assume that the evidence establishes,

1. That plaintiff knew the defective quality of the timber.

2. That it is usual and customary, in buying timber, to examine its quality and condition, by plunging the arm into the water, and feeling at the two ends of the trees, and that by this examination, it can be perfectly well ascertained what

the quality and condition of the timber is, whether it be pecky or worm-eaten, or not.

3. That the timber, the subject of contract, was not examined, and turned out wholly useless and worthless.

4. Whether or not plaintiff represented the raft as first rate timber, rests on the testimony of Green, who has a strong interest to deliver the defendants from the difficulty brought upon them by his non-fulfilment of his duty as their agent. Two other witnesses for plaintiff, are silent on this subject, but what most weakens his testimony, is the agreement for reduction of price in case more than one-third was found pecky; one-fourth is the usual proportion, and when it reaches to one-third, the timber is very bad.

In my view of the subject, it makes no difference whether plaintiff did or did not know the timber was bad, or did or did not represent it as good.

From the testimony of the witnesses, I assume that peckiness or being worm-eaten, is an apparent defect, one which is looked for and which can be discovered and known by that degree of examination which ordinarily prudent men of business make in purchasing the article.

Article 2647, says, that apparent defects are such as the buyer might have discovered by simple inspection. By simple inspection, I do not understand ocular regard, but such a degree of examination as an ordinary prudent man of business would make in buying the article. It is to be construed in a sense somewhat analagous to that which our laws require in inspection laws, but modified by the word simple, to a less rigorous examination, than the duty of an official act would require."

The plaintiff had judgment for the amount of his claim, to wit, the sum of three hundred and thirty dollars and costs. The defendants appealed.

*Preston,* for the plaintiff.

1. The testimony establishes the claim of the plaintiff, for which judgment was rendered. The judgment being rendered on a question of fact, should prevail in this case.

The judge gave credit to the testimony of the other witnesses, rather than of the agent of the defendant, whose negligence caused all the difficulty and loss in this matter.

2. The questions of law applicable to the case, are conclusively stated in the opinion of the court. See *Louisiana Code, article* 1841, *Nos. 3 and 4,* also *article* 2497, as to apparent defects. 5 *Martin,* 300.

*Roselius,* for defendants.

1. It is conceded on all hands, and it cannot be denied, that these facts clearly bring the case within the provisions of articles 2496 and 2499 of the Civil Code. But the district judge considered, and it is now urged by the appellee, that the defects complained of are apparent defects, against which the plaintiff did not warrant. It is at least questionable whether these defects are, properly speaking, apparent. The timber was afloat on the Mississippi, and the defects covered by the water at the time of the purchase; it was necessary to make an examination under the water, in order to discover the indications of the decayed state of the timber, and even then, it required considerable skill and practice to form a correct judgment as to the extent of the defects. It appears to me, that defects which it requires so much labor, skill and experience to discover and find out, cannot be said to be apparent. *Tear* vs. *Suarez, 7 Louisiana Reports,* 519.

2. Be this, however, as it may, in the present case the defendant's agent was incapable to resort to the necessary precautions, and it was expressly stated that the contract was made on the faith of his representations: it must, therefore, be viewed in the same light as if the defendants had purchased timber which they had never seen, and which on delivery turned out to be utterly useless for the object for which it was purchased; surely it cannot be doubted, that in such a case the buyer could not be compelled to receive the property. Besides, in the present case, there is the strongest evidence that the plaintiff knew of the defects in the timber at the time of the sale; he, therefore, was guilty of fraud in making a wilful misrepresentation with respect to the quality of the

timber. Hence the provisions of articles 2523-4-5 of the
*Louisiana Code*, are applicable to the case. *Duranton Droit Français, vol.* 9, *liv.* 3, *titre* 6, *du contract de Vente, Nos.* 307-8-9-10, *et seq.*

3. The evidence fully establishes that the defendants sustained at least one hundred dollars damage, in consequence of the fraud practised by the plaintiff, for which amount they are entitled to judgment on their plea in reconvention.

*Mathews, J.,* delivered the opinion of the court.

This suit is brought to recover the value of a certain number of logs sold by the plaintiff to the defendants, for the purpose of being sawed into planks and scantling. Judgment was rendered in the court below for the former, from which the latter appealed.

The contract is clearly established by the evidence of the case, and the defence turns altogether on the warranty by the seller, of the soundness of the timber by him sold.

It appears that the contract was made for the defendants by their agent, who was introduced on their part as a witness in the cause. He and the witnesses for the plaintiff, do not disagree as to the conditions of the contract, so far as they are proved by all. But the agent of the defendants who actually made the agreement, testifies to facts more than those established by the witnesses of the plaintiff. He says that he was unable to examine the logs at the time of purchase, in consequence of the soreness of one of his arms, and that he made the bargain on the guaranty of the seller, that they should equal in soundness that which was stipulated in the contract; in other words, that they should answer the purposes for which they were bought. The testimony, however, shows, that when tried at the saw-mill they proved to be defective in a much greater degree than was contemplated by the purchasers, and were wholly unfit for the uses intended, being entirely rotten.

We see no reason to discredit the testimony of the witness of the defendants, and if he be believed, it is evident that the

EASTERN DIST.
*January*, 1836.

WILLIAMS
*vs.*
MILLER ET AL.

Where the buyer is deceived by the representations of the seller, in the quality of the article sold, and the defects are not such as might be discovered on simple inspection, but if known, it must be supposed the buyer would not have purchased, it is sufficient cause to rescind the sale, and recover back the price.

timber was taken on the warranty of soundness, either express or implied, to which the seller was bound. To discover the defects, a peculiar kind of examination was necessary, and the agent was unable to make it. The present does not, therefore, come within the cases provided for by law, where defects in articles of commerce are discoverable by simple inspection. See *Louisiana Code*, art. 1841 and 2497. The buyers in the present instance, were deceived by the representations of the quality of the articles sold by the vendor, and whether they were thus deceived by error or design on his part, cannot vary the rights of the parties *in foro legis*, because the defects were not discoverable immediately on inspection, and they were such, that it must be supposed that the buyers would not have purchased, had they known of them. See *Louisiana Code*, art. 2496. The legal and moral principles assumed by the judge *a quo*, in relation to contracts of sale, are probably all sound and correct; but according to our belief of the facts of the present case, we are of opinion that they are not applicable to it.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be reversed and annulled; and it is further ordered, adjudged and decreed, that the contract between the parties be cancelled and set aside, and that the defendants do recover from the plaintiff one hundred dollars, a part of the price which was paid by them to him, (before the defects and total uselessness of the timber was discovered,) with costs in both courts.